UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

THOMAS JOHN MYERS, III,

       Plaintiff,
v.

STRATEGIC HUMAN CAPITAL
SOLUTIONS LLC, MONTHER H.
DARWAZEH, NICOLE CARA BASSUK,

       Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, THOMAS JOHN MYERS, III, brings this action against Defendants, STRATEGIC HUMAN CAPITAL SOLUTIONS LLC, MONTHER H. DARWAZEH, and NICOLE CARA BASSUK, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff THOMAS JOHN MYERS, III was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA including but not limited to interstate communication with customers and travel to Colorado.

4. At all times material hereto, Defendant, STRATEGIC HUMAN CAPITAL SOLUTIONS LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of staffing services, at all times material hereto was the "employer" of

Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Defendant, MONTHER H. DARWAZEH, is a resident of Broward County, Florida and was, and now is, a manager of Defendant, STRATEGIC HUMAN CAPITAL SOLUTIONS LLC, controlled Plaintiff's hours worked, schedule, and compensation, and managed the day-to-day operations of STRATEGIC HUMAN CAPITAL SOLUTIONS LLC. Accordingly, MONTHER H. DARWAZEH was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

6. Defendant, NICOLE CARA BASSUK, is a resident of Broward County, Florida and was, and now is, a manager of Defendant, STRATEGIC HUMAN CAPITAL SOLUTIONS LLC, controlled Plaintiff's hours worked, schedule, and compensation, and managed the day-to-day operations of STRATEGIC HUMAN CAPITAL SOLUTIONS LLC. Accordingly, NICOLE CARA BASSUK was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

7. Two or more of Defendants' employees handled tools, supplies, and equipment manfuactured outside Florida in furthernace of their business including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

8. Plaintiff THOMAS JOHN MYERS, III worked for Defendants as a process design consultant.

9. Defendants failed to pay Plaintiff's full and proper regular wages at Plaintiff's regular hourly rate for certain hours worked during Plaintiff's employment.

10. Defendants failed to pay Plaintiff's full and proper minimum wages for certain hours worked during Plaintiff's employment.

11. Attached as <u>Exhibit A</u> is a preliminary calculation of Plaintiff's claims. These amounts may change as Plaintiff engages in the discovery process.

12. Defendants knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

13. Plaintiff complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

14. Plaintiff retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

15. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-14 above as if set forth herein in full.

16. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

17. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

## COUNT II
## BREACH OF CONTRACT AND FAILURE TO PAY WAGES
## DEFENDANT STRATEGIC HUMAN CAPITAL SOLUTIONS LLC

18. Supplemental jurisdiction over the pendent state claim is conferred on this Court by 28 U.S.C. 1367.

19.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-14 above as if set forth herein in full.

20.     Plaintiff entered into an oral contract for wages at the rates of pay indicated in Plaintiff's Statement of Claim.

21.     Plaintiff worked for Defendant and did not receive the compensation promised. Defendant, therefore, wrongfully deprived Plaintiff of wages that were due and owing and to which Plaintiff is lawfully entitled under an oral contract for wages with Defendant.

22.     Plaintiff has been damaged as a result of Defendant's failure to pay the agreed upon wages.

23.     Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to the costs of this action and reasonable attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendant for the unpaid wages that are due and owing, prejudgment interest, reasonable attorneys' fees and costs incurred in this action and any and all further relief this Court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791